IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PATRICIA RENEE GARDNER AND REGINALD ELAM, | § § § | |
| Plaintiffs, | § § | |
| V. | § § | No. 3:19-cv-1391-S-BN |
| SPECIALIZED LOAN SERVICING LLC, DEUTSCHE BANK NATIONAL TRUST AS TRUSTEE FOR HSI ASSET CORPORATION TRUST 2006-HE1, MORTGAGE PASS THROUGH CERTIFICATES SERIES 2006-HE1, AND SHAPIRO SCHWARTZ, LLP SUBSTITUTE TRUSTEE(S), | § § § § § § § § § § | |
| Defendants. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Karen Gren Scholer.

Defendants Specialized Loan Servicing, LLC and Deutsche Bank National Trust Company removed this action from the 193rd Judicial District Court of Dallas County, Texas, to the United States District Court for the Northern District of Texas, Dallas Division, under 28 U.S.C. §§ 1332(a), 1441, and 1446 and assert that co-defendant Shapiro Schwartz, LLP's citizenship should be disregarded for the purposes of diversity because it is merely a nominal party that has been improperly joined.

Plaintiffs Patricia Renee Gardner and Reginald Elam were ordered to file a brief explaining whether, as Defendants argue in their Notice of Removal [Dkt. No. 1], Shapiro Schwartz, LLP was improperly joined and, if so, should be dismissed from this lawsuit and whether subject matter jurisdiction otherwise exists based on the complete diversity between any remaining, properly joined parties. Dkt. No. 6. Plaintiffs have not complied with that order.

The undersigned concludes that, disregarding the citizenship of the improperly joined Defendant, complete diversity of citizenship exists between all properly-joined parties and the amount in controversy in this action exceeds $75,000 exclusive of costs and interest. Therefore, under 28 U.S.C. § 1332, the Court has subject matter jurisdiction over this action.

### Background

On or about June 10, 2005, Plaintiffs executed a promissory note and deed of trust to secure a lien on their home located at 222 River Birch Trail, Garland, Texas 75040. Dkt. No. 1.1 at 2. New Century Mortgage Corporation of Irvine, California was Plaintiffs' original lender. *Id*. At some point between 2005 and 2019, Plaintiffs' mortgage was assigned to Deutsche Bank, a national banking association with its principal place of business in the State of California. Dkt. No. 1 at 4. Specialized Loan Servicing, LLC, a loan servicing limited liability company with Australian citizenship, became Plaintiffs' mortgage servicer. *Id*. at 3. At some point after the assignment of the mortgage, Plaintiffs defaulted on their loan.

Plaintiffs allege that they never received a written notice of default from their mortgage servicer. Dkt. No. 1.1. at 3. Plaintiffs further allege that, during a phone call in March 2019, a representative for Specialized Loan Servicing, LLC gave them assurances that their loan would be modified and Plaintiffs would be able to avoid a foreclosure sale until "all available options [were] exhausted." *Id*. Plaintiffs also allege that the same representative advised them that an assumption of the loan would be possible if a loan modification was not successful. *See id*. Despite these alleged assurances, on or about April 25, 2019, Plaintiffs received a "Notice of Substitute Trustee's Sale" providing notice that their home would be publicly sold in foreclosure proceedings. *Id*. Shapiro Schwartz, LLP, a law firm based out of Houston, Texas, is the substitute trustee appointed to carry out the foreclosure and related proceedings. The foreclosure sale was scheduled for June 4, 2019. *See id*.

On May 10, 2019, Plaintiffs filed their original petition in the 193rd Judicial District Court of Dallas County, Texas, styled *Patricia Renee Gardner and Reginald Elam v. Specialized Loan Servicing LLC and Deutsche Bank National Trust Company as Trustee for HIS Asset Corporation Trust 2006-HE1, Mortgage Pass-Through Certificates, Series 2006-HE1, and Shapiro Schwartz, LLP, Substitute Trustee(s)*, Cause No. DC-19-06695. Plaintiffs' petition asserts state law causes of action for breach of contract, promissory estoppel, and breach of fiduciary duty based on the alleged wrongful foreclosure and sale of their home. *See* Dkt. No. 1.1 at 3-5. Plaintiffs also claim that Defendants did not comply with Texas State Property Code § 51.002(d), which

requires a mortgage servicer to provide a written notice of default and at least 20 days to cure the default before moving forward with foreclosure proceedings. *See id.* at 3.

Specialized Loan Servicing, LLC's registered agent was served with a citation and a copy of the original petition on May 17, 2019. *See* Dkt. No. 1.3 at 2. Service was perfected on Defendant Deutsche Bank by delivering a copy of the petition and the citation to the office of the Secretary of State on May 23, 2019. *See* Dkt. 1.4 at 2. Defendant Shapiro Schwartz, LLP alleges that it was not properly served. *See* Dkt. No. 1. Neither the citation nor the return receipt for Shapiro Schwartz, LLP is addressed to either an authorized agent for Shapiro Schwartz, LLP or the Secretary of State. *See* Dkt. No. 1.5. at 2. The Officer's Return for the citation shows that the document was delivered to Shapiro Schwartz, LLP, on May 19, 2019, but the signature on the return receipt is illegible. *See id.*

On June 11, 2019 Defendants removed this case to federal court based solely on diversity of citizenship under 28 U.S.C. § 1332(a). *See* Dkt. No. 1. They contend that complete diversity exists because Plaintiffs are citizens of Texas, Specialized Loan Servicing, LLC is a citizen of Australia, Deutsche Bank is a citizen of California, and Shapiro Schwartz, LLP "is a citizen of the State of Texas whose citizenship should be disregarded for purposes of determining diversity jurisdiction" because it is improperly joined in this action. *Id*. at 4. Defendants also claim that the amount in controversy requirement for diversity jurisdiction is satisfied because the value of the property that is the object of litigation exceeds $75,000. *See* Dkt. No. 1 at 6-7.

Defendants argue that Shapiro Schwartz, LLP is improperly joined because Plaintiffs have no possibility of recovery against it, since it is merely the substitute trustee assigned to carry out the foreclosure proceedings. More specifically, Defendants contend that Plaintiffs named "Shapiro Schwartz, LLP [in this action] for the sole purpose of avoiding the jurisdiction of the federal district court" and that Plaintiffs have failed to plead any cause of action or wrongdoing by the firm as substitute trustee. *Id.* at 4-5. Defendants also argue that Plaintiffs have failed to properly effectuate service of process on Shapiro Schwartz, LLP. *See id.* at 5.

## Legal Standards

### I.    Subject Matter Jurisdiction Over Actions Removed from State Court

Federal courts have an independent duty to examine their own subject matter jurisdiction. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("[A]ny federal court may raise subject matter jurisdiction *sua sponte*."). Where subject matter jurisdiction is based on diversity, the "presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." *Intl. Energy Ventures Mgmt. v. United Energy Grp. Ltd.*, 818 F.3d 193, 209 (5th Cir. 2016).

A defendant may remove an action filed in state court to federal court if the action is one that could have originally been filed in federal court. *See* 28 U.S.C. § 1441(a). Statutes that authorize removal are meant to be strictly construed, and any

doubt as to the propriety of removal should be resolved in favor of remand. *See Hood ex rel. Mississippi v. JP Morgan Chase & Co.*, 737 F.3d 78, 89 (5th Cir. 2013).

The removing party bears the burden of establishing jurisdiction. *See Miller v. Diamond Shamrock Co.*, 275 F.3d 414, 417 (5th Cir. 2001). A federal court's jurisdiction is limited, and federal courts generally may hear a case of this nature only if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332. "As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003). "[T]he basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Ill. Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 (5th Cir. 1983) (citation and internal quotation marks omitted). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

28 U.S.C. § 1332 creates federal subject matter jurisdiction where diversity of citizenship exists between the parties, where each plaintiff's citizenship is diverse from each defendant's citizenship, and the amount in controversy exceeds $75,000 exclusive of costs and interest. 28 U.S.C. §§ 1332(a), (b). Failure to allege adequately the basis of diversity requires remand. *See Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991). If no amount of damages has been alleged in the state court petition, the defendant must prove by a preponderance of the evidence that the amount in

controversy exceeds the jurisdictional minimum. *See* 28 U.S.C. § 1446(c)(2); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1409 (5th Cir. 1995). And, where diversity jurisdiction requires that the parties be "citizens of different States," 28 U.S.C. § 1332(a)(1), the Court cannot exercise jurisdiction if any plaintiff shares the same citizenship as any defendant. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003). "For diversity jurisdiction, the party asserting federal jurisdiction must distinctly and affirmatively allege . . . the citizenship of the parties." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001).

"When a defendant removes a case to federal court on a claim of improper joinder, the district court's first inquiry is whether the removing party has carried its heavy burden of proving that the joinder was improper. Indeed, until the removing party does so, the court does not have the authority to do more; it lacks the jurisdiction to dismiss the case on its merits." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 576 (5th Cir. 2004) (en banc). "In every case where a diverse defendant proves that the plaintiff's decision to join an in-state party is improper, the diverse defendant gains access to the federal courts. If, however, the foreign defendant fails to prove the joinder improper, then diversity is not complete, the diverse defendant is not entitled to remove, and remand is mandated." *Id.* at 575. A defendant alleging that a non-diverse defendant is improperly joined has the heavy burden of "demonstrating either '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Crockett v. R.J. Reynolds Tobacco*

*Co.*, 436 F.3d 529, 532 (5th Cir. 2006) (quoting *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)).

Thus, where there is no dispute or allegation of actual fraud concerning the fact that both plaintiff and a defendant are citizens of the same state, the sole concern is whether, as a matter of law, Plaintiff can establish a valid state law cause of action against the non-diverse defendant. *See Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999). Under this second prong of the improper-joinder test, the standard is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against [a non-diverse] defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against [a non-diverse] defendant." *Smallwood*, 385 F.3d at 573. "A mere theoretical possibility of recovery under local law will not preclude a finding of improper joinder." *Id.* at 573 n.9 (internal quotation marks omitted).

The United States Court of Appeals for the Fifth Circuit has further instructed that, "[s]ince the purpose of the improper joinder inquiry is to determine whether or not the in-state defendant was properly joined, the focus of the inquiry must be on the joinder, not the merits of the plaintiff's case." *Id.* "The burden on the removing party is to prove that the joinder of the in-state parties was improper – that is, to show that sham defendants were added to defeat jurisdiction," such that "[a] showing that the plaintiff's case is barred as to all defendants is not sufficient" and, "[w]hen the only proffered justification for improper joinder is that there is no reasonable basis for

predicting recovery against the in-state defendant, and that showing is equally dispositive of all defendants rather than to the in-state defendants alone, the requisite showing has not been made." *Smallwood*, 385 F.3d at 575.

Ordinarily, the court must conduct a Federal Rule of Civil Procedure 12(b)(6)-type analysis, examining the allegations in the complaint to determine whether the plaintiff has stated a claim against the non-diverse defendants. *See Larroquette v. Cardinal Health 200, Inc.*, 466 F.3d 373, 376 (5th Cir. 2006). If, however, the complaint has "omitted discrete facts, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Id.* But the Fifth Circuit has "caution[ed] that a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the [non-diverse] defendant" and that "any piercing of the pleadings should not entail substantial hearings." *Smallwood*, 385 F.3d at 573-74. "Attempting to proceed beyond this summary process carries a heavy risk of moving the court beyond jurisdiction and into a resolution of the merits, as distinguished from an analysis of the court's diversity jurisdiction by a simple and quick exposure of the chances of the claim against the [non-diverse] defendant alleged to be improperly joined. Indeed, the inability to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden." *Id.* at 574. Further, "[i]n this inquiry the motive or purpose of the joinder of in-state defendants is not relevant." *Id.*

In making the improper-joinder determination, the court will "evaluate all of the

factual allegations in the plaintiff's state court pleadings in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff" and "then examin[ing] relevant state law and resolv[ing] all uncertainties in favor of the nonremoving party." *Cavallini v. State Farm Mut. Auto. Ins. Co.*, 44 F.3d 256, 260 n.8, 264 (5th Cir. 1995) (quoting *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205–06 (5th Cir. 1983)).

The Fifth Circuit recently clarified that the federal pleading standard, not a state pleading standard, applies to determine whether a nondiverse defendant has been improperly joined. *See Int'l Energy Ventures Mgmt., LLC v. United Energy Group, Ltd.*, 818 F.3d 193, 200-01 (5th Cir. 2016) (abrogating three post-*Smallwood* Fifth Circuit cases applying a state pleading standard instead the federal pleading standard). The "12(b)(6)-type analysis ... is shorthand for the federal pleading standard itself ... promulgated by the Supreme Court in the *Bell Atl. Corp. v. Twombly* and *Ashcroft v. Iqbal* opinions." *Id.* at 203.

In deciding a Federal Rule of Civil Procedure 12(b)(6) motion, the Court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007). To state a claim upon which relief may be granted, Plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555. "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, Plaintiffs must allege more than labels and conclusions, and, while a court must accept all of the Plaintiffs' allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.* But, "to survive a motion to dismiss" under *Twombly* and *Iqbal*, a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that Plaintiff contends entitle him or her to relief. *Johnson v. City of Shelby, Miss.*, 135 S. Ct. 346, 347 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)). The United States "Supreme Court has made clear that a Rule 12(b)(6) motion turns on the sufficiency of the 'factual allegations' in the complaint." *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (quoting *Johnson*, 135 S. Ct. at 347), and the Federal

Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 135 S. Ct. at 346.

## II.    Service of Process

Service of process is "fundamental to any procedural imposition on a named defendant" and is therefore "the official trigger for responsive action by an individual or entity named defendant." *Webb v. Dallas Area Rapid Transit*, No. 3:17-CV-878-M-BN, 2017 WL 4082445, at \*2 (N.D. Tex. 2017) (citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350, 353 (1999)). A federal court is without personal jurisdiction over a defendant unless service is properly effected according to Federal Rule of Civil Procedure 4. *Naranjo v. Universal Sur. Of Am.*, 679 F. Supp. 2d 787, 795 (S.D. Tex. 2010).

Federal Rule of Civil Procedure 4(e)(1) instructs that a plaintiff may serve process on an individual residing within a judicial district by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located." FED. R. CIV. P. 4(e). In Texas, a person may serve process by "mailing to the defendant by registered or certified mail, return receipt requested, a true copy of the citation with a copy of the petition attached thereto." TEX. R. CIV. P. 106(a)(2). In order to be effective, the return receipt must be signed by the addressee. TEX. R. CIV. P. 107(c). The registered agent and each general partner of a limited liability partnership are considered its agents for service of process [*see* TEX. BUS. ORGS. CODE ANN. §§ 5.201(b)(1), 5.251, 5.255] and, under certain circumstances, service on a

limited liability partnership can be effectuated by serving the Secretary of State. The plaintiff has the burden to ensure that the defendants are properly served. FED. R. CIV. P. 4(c)(1).

Once the effectiveness of service of process on a defendant has been contested, the plaintiff bears the burden of establishing validity. *See In re Katrina Canal Breaches Litig.*, 309 Fed. App'x 833, 835 (5th Cir. 2009) (per curiam). A plaintiff must demonstrate strict compliance with the statutory requirements of service of process in order for the court to acquire personal jurisdiction. *See Intl. Transactions, Ltd. v. Embotelladora Agral Regionmontana SA de CV*, 277 F. Supp. 2d 654, 663 (N.D. Tex. 2002). A "plaintiff's *pro se* status does not excuse any failure to properly effect service of process." *Webb*, 2017 WL 4082445, at *2.

## Analysis

Plaintiffs' original state court petition asserts claims for breach of contract, promissory estoppel, and breach of fiduciary duty. Plaintiffs assert that they are entitled to recovery on grounds that "Defendant(s) did not fairly explore all possible methods of avoiding foreclosure after promising to do so." Dkt. No. 1.1 at 4. Specifically, Plaintiffs allege that an agent for Defendant Specialized Loan Servicing, LLC agreed to give them an opportunity to modify their loan and potentially avoid foreclosure and that Plaintiffs relied on this promise to their detriment. *See id.* at 3-4.

In Defendants' Notice of Removal, they contend that Plaintiffs failed to plead any cause of action or wrongdoing against Defendant Shapiro Schwartz, LLP. *See* Dkt. No.

1 at 4-5. And Defendants argue that, even if Plaintiffs have properly alleged a cause of action against Shapiro Shwartz, LLP, the law firm's citizenship should not be included in the diversity jurisdiction analysis for removal purposes because they have not been properly served. *See id.* at 5.

Thus, assuming (as the parties do) that Shapiro Schwartz, LLP is a Texas citizen, the issue, then, is whether Plaintiffs properly state a claim against Shapiro Schwartz, LLP, and if so, whether Shapiro Schwartz, LLP has been properly served in this action.

I.    Plaintiffs Fail to State a Claim Against Defendant Shapiro Schwartz, LLP for Breach of Contract

In order to state a claim for breach of contract, a plaintiff must demonstrate "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 418 (5th Cir. 2009).

Plaintiffs base their breach of contract claim on an alleged breach of an oral promise – by an agent of Specialized Loan Servicing, LLC – to modify the terms of the Plaintiffs' loan. *See* Dkt. No. 1.1 at 3-4. Plaintiffs allege that they are entitled to damages for breach of contract because the Defendant "failed to negotiate and work toward a loan modification solution in good faith as promised." *Id.* at 4.

The undersigned concludes that Plaintiffs failed to state a claim for breach of contract against Shapiro Schwartz, LLP because they do not allege the existence of an underlying contract with Shapiro Schwartz, LLP. Plaintiffs' allegations are based solely

-14-

on an alleged oral agreement entered into with an agent of their mortgage servicer, Specialized Loan Servicing, LLC, and not the substitute trustee, Shapiro Schwartz, LLP.

The allegations in the pleadings provide no indication that Plaintiffs maintained any sort of contractual relationship with Shapiro Schwartz, LLP in its capacity as "substitute trustee." Therefore, even if Plaintiffs were successful in their suit, they could not recover against Shapiro Schwartz, LLP on their claim for breach of contract. Plaintiffs claim that they "worked in good faith toward a solution in the form of loan modification negotiations," but fail to suggest that Shapiro Schwartz, LLP were under any obligation to make a similar effort. *See id.*

## II. Plaintiffs Fail to State a Claim Against Defendant Shapiro Schwartz, LLP for Recovery based on Promissory Estoppel

Plaintiffs also assert that they are entitled to relief under the theory of promissory estoppel. Promissory estoppel is available as a cause of action to a promisee who has reasonably relied to her detriment on an otherwise unenforceable promise. *See Gold Kist, Inc. v. Carr*, 886 S.W.2d 425, 431 (Tex. App. – Eastland 1994, pet. denied). To establish a claim for promissory estoppel, a promisee must demonstrate the existence of: (1) a promise; (2) foreseeability of reliance on the promise by the promisor; and (3) substantial detrimental reliance by the promisee. *See Metropolitan Life Ins. Co. v. Haden & Co.*, 158 F.3d 584 (5th Cir. 1998).

Under Texas law, promissory estoppel is only invoked where the promisee can show that the promisor promised to sign a written agreement in compliance with the

statute of frauds, and that such agreement was already in writing at the time of the oral promise to sign. *See Nagle v. Nagle*, 633 S.W.2d 796, 800 (Tex. 1982). In alleging promissory estoppel, Plaintiffs argue that they "substantially and reasonably" relied on Defendant Specialized Loan Servicing, LLC's oral promise to negotiate a loan modification to help Plaintiffs avoid foreclosure. Dkt. No. 1.1 at 4.

The undersigned concludes that Plaintiffs have failed to state a claim for promissory estoppel against Defendant Shapiro Schwartz, LLP. Plaintiffs' petition alleges wrongdoing by a representative of Defendant Specialized Loan Servicing, LLC. Plaintiffs fail to allege any facts regarding any promise made by Shapiro Schwartz, LLP that would form the basis for a promissory estoppel claim against them as substitute trustee. Rather, Plaintiffs claim that representative of Specialized Loan Servicing, LLC simply promised to negotiate a loan modification before proceeding with foreclosure. And Plaintiffs do not allege that Shapiro Schwartz, LLP or any of its agents even had knowledge of the aforementioned promise, regardless of whether this promise was based on a separate writing. Plaintiffs fail to state a claim that any of the consequences they suffered in reliance on the alleged promise were the fault of Defendant Shapiro Schwartz, LLP.

III.    Plaintiffs Fail to State a Claim Against Defendant Shapiro Schwartz, LLP for Breach of Fiduciary Duty

In Texas, the elements for a claim of breach of fiduciary duty are: (1) a fiduciary relationship between Plaintiffs and the defendant, (2) a breach by the defendant of its fiduciary duty to Plaintiffs, and (3) an injury to Plaintiffs or a benefit to the defendant

as a result of the breach. *See Anderton v. Cawley*, 378 S.W.3d 38, 51 (Tex. App. – Dallas 2012, no pet.).

Plaintiffs fail to state a claim here against Shapiro Schwartz, LLP because they cannot establish the first element – that they and Shapiro Schwartz are in a fiduciary relationship. *See Gergan v. Kelly*, 355 S.W.3d 223, 227 (Tex. App. – Houston [1st Dist.] 2011, no pet.). Accordingly, there is no reasonable basis for the Court to predict that Plaintiffs might be able to recover against Shapiro Schwartz, LLP on their alleged breach of fiduciary duty claim.

The analysis in *Adams v. U.S. Bank, N.A.*, No. 3:17-cv-723-B-BN, 2018 WL 2164517 (N.D. Tex. March 6, 2018), is instructive here. The court in *Adams* distinguished between "formal" and "informal" fiduciary relationships. *Id.* at *4. A "formal" fiduciary relationships includes "the relationship of an attorney-client, principal-agent, or trustee-beneficiary relationship." *Id.* On the other hand, an "informal" fiduciary relationship exists "where one person trusts and relies on another, whether the relation is a moral, social, domestic, or purely personal one." *Id.* The Texas Supreme Court has held that fiduciary relationships are not limited to those "which as a matter of law are relationships of trust and confidence" in a technical sense, *Thigpen v. Locke*, 363 S.W.2d 247, 253 (Tex. 1962), rather, "the existence of the fiduciary relationship is to be determined for the actualities of the relationship between the parties involved." *Id.*

Despite the alleged existence of an informal fiduciary relationship between the plaintiff homeowner in *Adams* and the defendant builder who referred her to a

-17-

mortgagee, the court refused to recognize the existence of <u>any</u> fiduciary relationship in that case. *Adams*, 2018 WL 2164517, at *4. The court reasoned that the homeowner failed to prove she was justified in placing her confidence in the builder to act in her best interest. *See id*. At most, the homeowner had a "subjective, unspecified belief that she could trust" the home builder, which does not suffice to give rise to a fiduciary relationship. *Id*.

Here, Plaintiffs do not allege the existence of any relationship, whether formal or informal, between themselves and Shapiro Schwartz, LLP. They allege only that Defendants collectively breached some fiduciary duty in failing to modify Plaintiffs' loan and in failing to provide them with notice of default before moving forward with foreclosure proceedings, but Plaintiffs' provide no basis for this claim other than an oral promise by an agent of Specialized Loan Servicing, LLC. *See* Dkt. No. 1.1 at 2-4. Plaintiffs have not pled facts sufficient to establish that Shapiro Schwartz, LLP owed them a fiduciary duty. As in *Adams*, Plaintiffs fail to provide any explanation in their original petition as to why they were justified in placing confidence in the belief that Shapiro Schwartz, LLP would act in their best interest. On the contrary, as substitute trustees, Shapiro Schwartz, LLP would be expected to carry out proceedings that were directly adverse to Plaintiffs' best interests.

Further, Texas courts consistently refuse to recognize the existence of a fiduciary relationship between a lender and a home buyer, except in certain cases where the buyer reasonably expected the lender to act in their best interest. *See Adams,* 2018 WL 2164517, at *5. There is no support in the governing law for recognizing a fiduciary

relationship between Plaintiffs as Mortgagees and Shapiro Schwartz, LLP as substitute trustees.

IV . Shapiro Schwartz, LLP Has Not Been Properly Joined and Served in this Action

Defendants contend that, even if Plaintiffs have stated a claim for relief against Shapiro Schwartz, LLP based on the allegations discussed above, diversity jurisdiction still exists for the purposes of removal because Shapiro Schwartz, LLP has not been properly joined and served as required by 28 U.S.C. §1441(b)(2). Specifically, Defendants argue that Plaintiffs' attempt at service on Shapiro Schwartz, LLP was ineffective because the return of service shows an illegible signature and fails to indicate that either a registered agent for Shapiro Schwartz, LLP or the Texas Secretary of State was served with process.

Defendant Shapiro Schwartz, LLP is a limited liability partnership. *See* Dkt. No. 1 at 4. A "partnership" may be served in the same manner prescribed by Federal Rule of Civil Procedure 4(e)(1), which instructs that a plaintiff may serve process by following state law for serving a summons. *See* FED. R. CIV. P. 4(h)(1)(A). In Texas, "[the] registered agent and each general partner of a limited partnership are its agents for service of process," subject to an exception permitting service on the Texas Secretary of State. *Atrium Medical Ctr., L.P. v. Lange Mechanical Services, L.P.*, 2013 WL 269037, at *2 (Tex. App. – Houston [14th Dist.] Jan. 24, 2013, no pet.).

In order to effectuate service of process, "Texas law requires that particular information be included in the return of service, including the address served and the

date of service or attempted service." TEX. R. CIV. P. 107(b); *see also Williams v. Waste Mgmt.*, Inc., No. 3:16-cv-2943-L-BN, 2017 WL 4570717, at *2 (N.D. Tex. Sept. 7, 2017). And Texas law requires that the return receipt be signed by the addressee whenever certified mail has been selected as the method of delivering service. *See* TEX. R. CIV. P. 107(c); *Williams*, 2017 WL 4570717, at *2.

Plaintiffs attempted to effect service on Defendant Shapiro Schwartz, LLP via U.S. certified mail in accordance with the federal rules. *See* Dkt. No. 1.5. But the citation was issued for service on "Shapiro Schwartz LLP" generally and the return of service shows an illegible signature. *Id*. And the "address of recipient" field on the signed service form is incomplete. *Id*. Because it is impossible to discern the identity of the person who signed the citation, as the Defendants argue, there is no indication in the record that either a registered agent for Shapiro Schwartz, LLP or the Texas Secretary of State was ever served. In light of Plaintiffs' failure to comply with the applicable rules, the undersigned concludes that Plaintiffs did not properly effect service on Shapiro Schwartz, LLP. And, therefore, this Court never obtained personal jurisdiction over Shapiro Schwartz, LLP, and irrespective of Plaintiffs' failure to allege a plausible claim against Shapiro Schwartz, LLP, removal is appropriate because complete diversity exists among all parties properly joined and served in this action.

### Recommendation/Conclusion

For the reasons explained above, the undersigned concludes that Defendant Shapiro Schwartz, LLP was improperly joined and should be dismissed from this action without prejudice. The undersigned further concludes that complete diversity of

citizenship exists among the remaining parties and that the amount in controversy in this action exceeds $75,000 exclusive of costs and interest. Thus, this Court has subject matter jurisdiction over this case.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: **October 7, 2019**

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE